Lincoln D. Bandlow, Esq. (CA #170449)
Lincoln@BandlowLaw.com
**Law Offices of Lincoln Bandlow, PC**
1801 Century Park East, Suite 2400
Los Angeles, CA 90067
Phone: (310) 556-9680
Fax: (310) 861-5550

Attorney for Plaintiffs
Tony Kelly, Iana Vasileva,
Christian Alexander Langaard and
Maria Sol Carou on behalf of
the Estate of Tomas Moreno Becerra

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

TONY KELLY, IANA VASILEVA, CHRISTIAN ALEXANDER LANGAARD and MARIA SOL CAROU on behalf of the Estate of Tomas Moreno Becerra,

Plaintiffs,

vs.

PIPES & SHAW, LLC d/b/a VERONICA BEARD, VERONICA MIELE BEARD, and VERONICA SWANSON BEARD,

Defendants.

Case Number:

**COMPLAINT FOR:**

1. **DIRECT COPYRIGHT INFRINGEMENT;**
2. **VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT;**
3. **MORAL RIGHTS INFRINGEMENT UNDER THE VISUAL ARTISTS RIGHTS ACT OF 1990;**
4. **FALSE ENDORSEMENT IN VIOLATION OF 15 U.S.C. § 1125;**
5. **VIOLATION OF RIGHT OF PUBLICITY UNDER CAL. CIV. CODE § 3344; and**
6. **INVASION OF PRIVACY – APPROPRIATION OF NAME OR LIKENESS**

**DEMAND FOR JURY TRIAL**

Plaintiffs Tony Kelly ("KELLY"), Iana Vasileva ("VASILEVA"), Christian Alexander Langaard ("LANGAARD) and MARIA SOL CAROU on behalf of the Estate of Tomas Moreno Becerra ("BECERRA," and together with VASILEVA and LANGAARD, the "Models," and all collectively with KELLY, "Plaintiffs") bring this complaint against Defendants Pipes & Shaw, LLC d/b/a Veronica Beard ("VERONICA BEARD"), Veronica Miele Beard ("MIELE BEARD") and Veronica Swanson Beard ("SWANSON BEARD" and, collectively, "Defendants") and allege as follows:

**Introduction**

1. Defendants claim on their website that "quality should never be compromised." What it does not say is "quality should never be stolen." Because that is exactly what Defendants have done here: they have stolen a high-quality photograph from a world-renowned photographer and stolen the identities of three high-quality and world-famous models so that Defendants could falsely sell their clothing line based on the prestige of artists upon whose coattails they were not authorized to ride. This theft of intellectual property to promote Defendants' products appears to be a pattern. *See Dezso by Sara Beltran, a Jewelry Collection, Calls Out Veronica Beard for Copying Its Designs*, https://wwd.com/fashion-news/fashion-scoops/dezso-sara-beltran-veronica-beard-copycat-claims-1239373769/; *She Sells Seashells: When Jewelry Designer Sara Beltran Accused Veronica Beard of Copying Her Ocean-Inspired Designs, a Tidal Wave of Instagram Outrage Ensued*, https://airmail.news/dress-code/style/2026/10/she-sells-seashells. Defendants may be known for their "Dickey Jacket" but the only thing Defendants should be coated in now is shame for ripping off other artists to promote themselves. This lawsuit seeks to hold them accountable.

2. This is a civil action for copyright infringement under the United States Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 et seq. (the "Copyright Act"), moral rights infringement under the Visual Artists Rights Act

of 1990, 17 U.S.C. § 106A ("VARA"), and violation of the statutory and common law rights of publicity, seeking injunctive relief and damages as provided by applicable law.

3. KELLY is a critically acclaimed fine art and fashion photographer whose work has appeared in *Vanity Fair*, *Vogue* and *GQ* and whose fine art prints are collected worldwide. The Models are accomplished and internationally known fashion models.

4. Defendants own and operate a luxury women's clothing brand and brazenly stole KELLY's photograph, and appropriated the Models' visual likenesses, without license, permission, or authority to advertise and sell their own products.

5. In 2023, KELLY published a photograph entitled "Club Paradiso" in Switzerland (the "Infringed Photograph") as part of his Alpine Fine Art Series, and promptly registered it with the United States Copyright Office. "Club Paradiso" is not stock imagery and it is not a commercial photograph. It is a fine art work, sold exclusively as signed, numbered, limited-edition prints—75 in total, at prices ranging from $15,500 to $31,400 per print. The Infringed Photograph is sold to collectors worldwide through KELLY's own gallery, "TONY KELLY WORLD," in St. Moritz, Switzerland.

6. KELLY has never licensed the Infringed Photograph for advertising, merchandising, or any other commercial use, because its value to collectors depends on its exclusivity. The image has become one of KELLY's most renowned and sought-after fine art prints.

7. Unfortunately, the same cinematic elegance that makes the "Club Paradiso" prized by collectors has also made it a target for freeloading copyright infringers seeking to profit off of KELLY's talent and the Models' fame.

8. At no time did KELLY grant Defendants authority or license to use the Infringed Photograph, or any other work, to advertise their merchandise or for

any other purpose. At no time did the Models grant Defendants authority or license to use their images to advertise their merchandise or for any other purpose.

9. Nonetheless, on or around December 21, 2025, Defendants used a clumsily altered version of the Infringed Photograph, as well as the Models' images, in an advertisement posted on Instagram selling their high-end luxury handbags (the "Infringing Post").

10. Because Defendants' infringement has caused substantial harm to the market for the Infringed Photograph as well as the reputations of the Models, Plaintiffs now bring this action for copyright and moral rights infringement, as well as for violation of the Models' rights of publicity, seeking injunctive relief and damages.

**Jurisdiction and Venue**

11. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1338 (jurisdiction over copyright actions) and 28 U.S.C. § 1367 (supplemental jurisdiction).

12. This Court has personal jurisdiction over Defendants because Defendants purposefully and intentionally directed their activities at California, Defendants caused harm that Defendants knew was likely to be suffered in California, the claims arise out of and relate to Defendants' California-related activities, and the exercise of jurisdiction is reasonable and comports with fair play and substantial justice.

13. Defendants operate numerous brick-and-mortar stores in California and operate an Instagram account with over 500,000 followers nationwide. Defendants posted to their Instagram account an advertisement using the Infringed Photograph that was expressly aimed and directed at a nationwide audience, including California residents, for the purpose of selling luxury clothing and accessories to their Instagram followers, including California residents.

14. The Infringing Post included copies of the Infringed Photograph thereby infringing upon KELLY's copyright and moral rights, and the Models' rights of publicity, thereby giving rise to these claims.

15. Defendants have used the Infringed Photograph and the Models' likenesses as part of their deliberate exploitation of the California market for their own commercial gain.

16. KELLY is based in Los Angeles, and the commercial value of the Infringed Photograph and Models' likenesses are centered in California and, therefore, the harm caused by the Infringing Post has been, and continues to be, foreseeably suffered in California.

17. Pursuant to 28 U.S.C. § 1391(b) and (c), venue is proper in this District because: (i) a substantial part of the events or omissions giving rise to the claims occurred in this District; and (ii) the Defendants may be found in this District. Additionally, venue is proper in this District pursuant 28 U.S.C. § 1400(a) (venue for copyright cases) because Defendants or Defendants' agent may be found in this District.

**Parties**

18. Plaintiff TONY KELLY is a fine art and fashion photographer residing in West Hollywood, California.

19. Plaintiff IANA VASILEVA is fashion model residing in Paris, France.

20. Plaintiff CHRISTIAN ALEXANDER LANGAARD is a fashion model residing in Los Angeles, California and Milan, Italy.

21. Plaintiff MARIA SOL CAROU, is the successor in interest and authorized personal representative of the Estate of Tomas Moreno Becerra, a skier and model previously based in St. Moritz, Switzerland. Mr. Becerra was tragically killed in an avalanche before this complaint was filed.

22. Defendant PIPES & SHAW, LLC d/b/a VERONICA BEARD is a

limited liability company organized under the laws of New York and registered to do business in California. Defendants MIELE BEARD and SWANSON BEARD are the founders and current principals of VERONICA BEARD.

23. Defendant VERONICA MIELE BEARD is an individual residing in New York, New York.

24. Defendant VERONICA SWANSON BEARD is an individual residing in New York, New York.

## Factual Background

### *Kelly Is a World-Renowned Fine Art Photographer*

25. KELLY is a critically acclaimed fashion and fine art photographer respected globally for his cinematic, stylish and subversive aesthetic that emphasizes bold, vivid colors and glossy finish.

26. Over his three-decade career, KELLY's award-winning photographs have appeared in numerous high-profile publications, including *Vanity Fair*, *Vogue*, *GQ*, *Playboy* and *L'Officiel*.

27. KELLY has also shot for high-end brands including MAC Cosmetics, Louis Vuitton, Campari, BMW and American Apparel, as well as celebrities including Snoop Dogg, Bruno Mars, Emily Ratajkowski, Demi Lovato and Justin Bieber.

28. Apart from his editorial and commissioned work, KELLY has built a distinct body of work as a fine art photographer. KELLY's fine art photographs are created for exhibition and collection, not on commission and not for advertising. They are sold exclusively as signed, numbered, limited-edition prints to private collectors around the world.

29. Many of KELLY's fine art prints, including "Club Paradiso" are exhibited in his exclusive gallery, "TONY KELLY WORLD," located in St. Moritz, Switzerland,

30. KELLY's Alpine Fine Art Series is among the most recognized

bodies of work in KELLY's art catalogue. Shot on location in the Swiss Alps, the series pairs high-fashion staging with alpine settings in KELLY's signature cinematic, saturated style.

***The Infringed Photograph***

31. In 2023, KELLY created, composed, shot and published the Infringed Photograph, entitled "Club Paradiso," in Switzerland as part of his Alpine Fine Art Series. The Infringed Photograph depicts a waiter carrying a bottle of champagne and three glasses while skiing off a snow-covered, sloped roof over an outdoor bar as a woman in a fur coat is served champagne by a bartender. A true and correct copy of the Infringed Photograph is attached hereto as **Exhibit 1**.

32. The woman in a fur coat is depicted by the fashion model and Plaintiff IANA VASILEVA.

33. The bartender is depicted by the fashion model and Plaintiff CHRISTIAN ALEXANDER LANGAARD.

34. The waiter skiing off of the roof was depicted by the late fashion model Tomas Moreno Becerra, represented in this action by Plaintiff MARIA SOL CAROU, the successor in interest and authorized personal representative of Becerra's estate.

35. KELLY owns the copyright to "Club Paradiso" and, on December 1, 2023, KELLY registered the Infringed Photograph with the U.S. Copyright Office (Registration Number VA0002377965). A true and correct copy of the Certificate of Registration for "Club Paradiso" is attached to the Complaint as **Exhibit 2**.

36. "Club Paradiso" has become one of the most sought-after images in the Alpine Fine Art Series and in KELLY's fine art catalogue as a whole.

37. Consistent with fine art practice, KELLY strictly limited the editions of "Club Paradiso." Only 75 prints will ever exist: 35 prints in medium size, currently priced at $15,500 per print; 25 prints in large size currently priced at

$22,000 per print; and 15 prints in extra-large size currently priced at $31,400 per print. Each print is signed and consecutively numbered by KELLY.

38. The Infringed Photograph was always created and published as party of KELLY's fine art collection and has never been sold or used commercially. It has become one of KELLY's most prestigious and world-renowned fine art prints and is sold to collectors worldwide.

39. The Infringed Photograph is featured at KELLY's exclusive "TONY KELLY WORLD" gallery in St. Moritz, Switzerland and its value depends not only upon KELLY's skillful and unique composition but upon the rarity and exclusivity of the image itself. Collectors pay a premium because the image is rare, because it is available only from KELLY and his gallery and because it has never been—and was never intended to be—an advertising image.

40. A collector who paid $31,400 for one of fifteen extra-large prints did not pay for an image that would appear, free of charge and clumsily defaced with handbags, as a sales prop on a clothing brand's Instagram account. Every unauthorized commercial reproduction erodes the scarcity and exclusivity that the edition's price reflects.

***The Models***

41. Plaintiff IANA VASILEVA is an internationally famous fashion model whose career spans luxury fashion, beauty, and global commercial campaigns.

42. Known for her distinctive presence and versatility in front of the camera, VASILEVA has worked with an impressive roster of internationally recognized fashion and beauty brands, including G/FORE, Kiton, SKIMS, Bérénice, Hermès, Saint Laurent, MAKE UP FOR EVER, and ROTATE, among others.

43. Working across international markets, VASILEVA has established herself as a sought-after model, collaborating with leading photographers, creative

teams, and fashion houses around the world.

44. Plaintiff CHRISTIAN ALEXANDER LANGAARD is an internationally famous fashion model with a career spanning more than 20 years.

45. Throughout two decades in the industry, he has worked across major international fashion markets, building an extensive portfolio in runway, editorial, and commercial modeling.

46. LANGAARD's career includes collaborations with some of the world's most recognized fashion and luxury brands, including Armani, Versace, Etro, Iceberg, Guess, Ermanno Scervino, Diesel, John Varvatos, Bikkembergs, Tom Ford, Michael Bastian, Fendi, Prada, Dsquared2, Moschino, Hollister, North Sails, Napapijri, and Skechers.

47. Over the years, LANGAARD has appeared on fashion runways and worked with leading designers, photographers, and creative teams internationally. His longevity in an ever-evolving industry reflects his versatility, professionalism, and ability to move seamlessly between high fashion and commercial work.

48. Tomas Moreno Becerra was a highly skilled freeride skier and model with a lifelong passion for the mountains. Known internationally for his exceptional skiing abilities, he competed all over the world. Originally from Andorra, BECERRA settled in St. Moritz, Switzerland where he was photographed by KELLY. Tragically, BECERRA passed away in an avalanche before this complaint was filed. SOL CAROU is his successor in interest and the authorized personal representative of his estate.

***Defendants Used the Infringed Photograph and the Models' Likenesses Without Authorization to Advertise Their Luxury Clothing Line***

49. MIELE BEARD and SWANSON BEARD founded, own and operate VERONICA BEARD, a high-end luxury women's clothing brand.

50. Founded in 2012 and originally known for its "Dickey Jacket," VERONICA BEARD currently sells designer jackets, jeans, dresses, matching

sets, shoes and handbags with a particular focus on the California market.[1]

51. VERONICA BEARD has one brick-and-mortar store in New York, one in Colorado, and no fewer than *ten* such stores in California.

52. VERONICA BEARD relies heavily on targeted digital marketing, including an Instagram account with over 500,000 followers and near-daily posts.

53. At no time did Defendants request from Plaintiffs, and at no time did Plaintiffs grant the Defendants, or anyone else, permission or license to use the Infringed Photograph or the Models' likenesses, or any other work, to advertise their brand.

54. Nonetheless, beginning on or around December 21, 2025, Defendants posted and/or allowed to be posted an advertisement on VERONICA BEARD's Instagram account, which they operate and control, and that included a clumsily photoshopped version of the Infringed Photograph.

55. Specifically, on or around December 21, 2025, the Instagram account titled "veronicabeard" posted a copy of "Club Paradiso" (the "Infringing Post"). The Infringing Post used the entirety of the Infringed Photograph and clumsily altered it by superimposing images of two Veronica Beard handbags onto the image. The Infringing Post also includes a caption reading: "DASH-ING THROUGH THE SNOW . . . How many VB bags can you find in this vintage carousel? . . . ." Thus, the Infringing Post took a high-quality fine art print known for its stylish, chic elegance and distorted it into a tacky and garish commercial advertisement. A true and correct copy of the Infringing Post is attached to the Complaint as **Exhibit 3**.

56. Defendants' caption presented "Club Paradiso" as "vintage" imagery—anonymous, decades-old, ownerless. It is none of those things. It is a 2023 fine art photograph by a living, working artist, registered with the Copyright

---

[1] *See* Women's Wear Daily, *Veronica Beard Is Having a California Moment* (Dec. 20, 2023), available at: https://wwd.com/fashion-news/fashion-features/veronica-beard-having-a-california-moment-1236087719/.

Office, and sold in a numbered edition at prices of up to $31,400 per print. By dressing a contemporary fine art photograph up as “vintage,” Defendants both erased KELLY as its author and profited from the very aesthetic—stylized, cinematic, alpine glamour—that collectors pay KELLY to own.

57. Upon information and belief, Defendants or Defendants’ agents control and operate the “veronicabeard” Instagram account and were responsible for the Infringing Post.

58. The Infringing Post is not the only example of Defendants making a conscious and willful effort to appropriate the style, look and feel of KELLY’s photographs to advertise the VERONICA BEARD brand.

59. On or around December 12, 2025, Defendants posted to the “veronicabeard” Instagram account a photograph of a model in short skirt and high heels on skis holding ski poles in a wintry setting. A true and correct copy of that post is attached to the Complaint as **Exhibit 4**.

60. That photograph is a direct and obvious copy of the look and feel of KELLY’s copyrighted fine art photographs “Backcountry” and “Backcountry 2” published in 2019 and available for sale on KELLY’s website. Those photographs feature a woman model in a black leotard in high heels on skis and holding ski poles in the French Alps. True and correct copies of “Backcountry” and “Backcountry 2” are attached to the Complaint as **Exhibits 5 and 6**.

61. Thus, there is no question that Defendants were and are well aware of KELLY’s work and willfully copied his copyrighted photographs to advertise their line of women’s clothing.

## COUNT I
## Direct Copyright Infringement
## (By Kelly Against All Defendants)

62. The preceding allegations are hereby re-alleged as if fully set forth herein.

63. KELLY is the owner of the Infringed Photograph, which is an original work of authorship.

64. Defendants, including any employee, agent, or other third party under the direct supervision or control of Defendants, copied and publicly displayed the constituent elements of the Infringed Photograph in order to advertise the VERONICA BEARD brand for Defendants' commercial gain.

65. At no point in time did KELLY authorize, permit or consent to Defendants' copying, distribution, performance and/or display of the Infringed Photograph, expressly or otherwise.

66. As a result of the foregoing, Defendants violated KELLY's exclusive right to:

(A) Reproduce the Infringed Photograph in copies, in violation of 17 U.S.C. §§ 106(1) and 501;

(B) Distribute copies of the Infringed Photograph to the public by sale or other transfer of ownership, or by rental, lease or lending, in violation of 17 U.S.C. §§ 106(3) and 501;

(C) Display the Infringed Photograph publicly, by transmitting a copy of the Infringed Photograph by any device or process to the public, in violation of 17 U.S.C. §§ 106(5) and 501.

67. Defendants' infringement was committed "willfully" within the meaning of 17 U.S.C. § 504(c)(2).

68. As a result of Defendants' direct copyright infringement, KELLY has suffered, and will continue to suffer, damages in an amount to be established at trial.

69. As a result of Defendants' direct copyright infringement, Defendants have obtained profits they would not have realized but for their infringement of KELLY's copyrighted photograph "Club Paradiso." As such, KELLY is entitled to disgorgement of VERONICA BEARD's profits attributable to the Infringing

Post, in an amount to be established at trial.

70. In the alternative, KELLY is entitled to statutory damages.

71. Defendants have committed direct copyright infringement with actual or constructive knowledge of KELLY's rights, such that said acts of direct copyright infringement were, and continue to be, willful, intentional, malicious, and/or taken with reckless disregard for KELLY's rights.

## COUNT II

## Vicarious and/or Contributory Copyright Infringement
## (By Kelly Against All Defendants)

72. The preceding allegations are hereby re-alleged as if fully set forth herein.

73. Defendants, and/or any single Defendant, including any employee, agent or other third party under the control and supervision of Defendants, directly infringed KELLY's copyright in the Infringed Photograph by posting the Infringing Post to the "veronicabeard" Instagram account to advertise VERONICA BEARD's luxury women's clothing brand.

74. The Defendants had knowledge of, and materially contributed to, induced and encouraged, the Infringing Post.

75. Upon information and belief, each of the Defendants possesses the ability to control and/or supervise any individuals responsible for the Infringing Post.

76. Defendants failed to exercise their right to stop the Infringing Post.

77. Defendants MIELE BEARD and SWANSON BEARD jointly founded, own and operate VERONICA BEARD and have a direct financial interest in the revenue and profit generated by VERONICA BEARD and the sale of VERONICA BEARD products, including the revenue and profit generated by the Infringing Post.

78. As a result of Defendants' acts of contributory and/or vicarious

copyright infringement, KELLY has suffered, and will continue to suffer, damages in an amount to be established at trial.

79. As a result of Defendants' acts of contributory and/or vicarious copyright infringement, Defendants have obtained profits they would not have realized but for their infringement of Kelly's copyright in the Infringed Photograph. As such, KELLY is entitled to disgorgement of Defendants' profits attributable to the Infringing Post, in an amount to be established at trial.

80. In the alternative, KELLY is entitled to statutory damages.

81. Defendants have committed vicarious copyright infringement with actual or constructive knowledge of KELLY's rights, such that said acts of contributory and/or vicarious copyright infringement were, and continue to be, willful, intentional, malicious, and/or taken with reckless disregard for KELLY's rights.

## COUNT III

## Moral Rights Infringement Under the Visual Artists Rights Act of 1990 (By Kelly Against All Defendants)

82. The allegations contained in the preceding paragraphs are hereby re-alleged as if fully set forth herein.

83. At all times relevant to this action, the Visual Artists Rights Act of 1990 ("VARA"), 17 U.S.C. § 106A, has been in effect.

84. KELLY is the author and owner of the Infringed Photograph titled "Club Paradiso."

85. "Club Paradiso" is a still photographic image produced in 2023 for exhibition purposes only and existing in a limited edition of 75 copies that are signed and consecutively numbered by KELLY.

86. KELLY—a world-renowned fashion and fine art photographer—has at all times since the creation of "Club Paradiso" been the sole owner of the photograph.

87. "Club Paradiso" is a work of visual art of recognized stature in that it is widely regarded as a meritorious work of visual art by the artistic community.

88. Beginning on or around December 21, 2025, Defendants exhibited a copy of "Club Paradiso" in Instagram posts for the purpose of advertising VERONICA BEARD's line of women's clothing.

89. Defendants at no time attributed authorship to KELLY in violation of KELLY's moral right to attribution under VARA.

90. Beginning on or around December 21, 2025, Defendants also distorted and modified "Club Paradiso" in violation of KELLY's moral right to integrity under VARA.

91. Specifically, Defendants altered "Club Paradiso" by clumsily superimposing images of two Veronica Beard handbags onto the image, thereby taking a high-quality fine art print known for its stylish, chic elegance and distorting it into a tacky and garish commercial advertisement.

92. In failing to attribute authorship of "Club Paradiso" to KELLY, and in distorting and modifying "Club Paradiso," Defendants acted willfully, intentionally, and/or with gross negligence.

93. Defendants' failure to attribute authorship of "Club Paradiso" and their distortion and modification of "Club Paradiso," is the proximate cause of the prejudice to KELLY's honor and reputation.

94. Defendants' failure to attribute authorship of "Club Paradiso," and their distortion and modification of "Club Paradiso," occurred in a manner prejudicial to KELLY's honor and/or reputation and caused him substantial damage in amount to be determined at trial.

95. KELLY is therefore entitled to compensatory (actual and/or statutory) damages for the loss sustained as a result of Defendants' violation of KELLY's moral rights of attribution and integrity under VARA.

96. KELLY is further entitled to an award of attorney's fees and costs

incurred as a result of Defendants' violation of KELLY's moral rights of attribution and integrity under VARA.

**COUNT IV**

**False Endorsement in Violation of 15 U.S.C. § 1125**
**(By Vasileva, Langaard and Sol Carou Against All Defendants)**

97. The allegations contained in the preceding paragraphs are hereby re-alleged as if fully set forth herein.

98. The Models are (or were) accomplished, well-known and internationally recognizable fashion models with a commercial interest in controlling the commercial exploitation of their respective identities and visual likenesses.

99. Defendants used the Models' well-known and recognizable visual likeness in the Infringing Post to advertise their brand of women's clothing.

100. Defendants' use of the Models' visual likeness occurred in connection with Defendants' interstate sale of goods (i.e., VERONICA BEARD apparel and accessories).

101. Defendants' use of the Models' visual likenesses in the Infringing Post to sell Defendants' brand of women's apparel and accessories is likely to cause confusion as to the affiliation, connection, and association of the Defendants with the Models, as well as the origin, sponsorship, and approval of the Defendants' brand of women's apparel and accessories by the Models.

102. The Models' commercial interest in their visual likenesses has been and is likely to be damaged by Defendants' use of their visual likenesses to promote VERONICA BEARD apparel by stripping the Models of the ability to control the commercial exploitation of their visual likenesses, which constitutes the Models' primary commercial asset as famous and internationally recognizable fashion models.

**COUNT V**

**<u>Violation of Right of Publicity Under Cal. Civ. Code § 3344</u>**
**<u>(By Vasileva, Langaard and Sol Carou Against All Defendants)</u>**

103. The allegations contained in the preceding paragraphs are hereby re-alleged as if fully set forth herein.

104. Defendants knowingly used the Models' identities visual likenesses to Defendants' commercial advantage by using the Models' images in the Infringing Post to advertise and sell their brand of women's apparel and accessories.

105. At no time did the Models consent to Defendants' use of their identities or visual likenesses in the Infringing Post or otherwise.

106. Defendants' knowing use of the Models' visual likenesses in the Infringing Post has resulted in damage to the Models in an amount to be proven at trial.

**COUNT V**

**<u>Invasion of Privacy – Appropriation of Name or Likeness</u>**
**<u>(By Vasileva, Langaard and Sol Carou Against All Defendants)</u>**

1. The allegations contained in the preceding paragraphs are hereby re alleged as if fully set forth herein.

2. Defendants used the Models' identities and visual likenesses to Defendants' commercial advantage by using the Models' images in the Infringing Post to advertise and sell their brand of women's apparel and accessories.

3. At no time did the Models consent to Defendants' use of their identities or visual likenesses in the Infringing Post or otherwise.

4. Defendants' use of the Models' visual likenesses in the Infringing Post has resulted in damage to the Models in an amount to be proven at trial.

**WHEREFORE**, Plaintiffs respectfully request that the Court:

(A) Permanently enjoin Defendants from infringing KELLY's rights in "Club Paradiso" and VASILEVA, LANGAARD and SOL CAROU's rights in the Models' visual likenesses;

(B) Order that Defendants delete and permanently remove any infringing copies of the Infringed Photograph from all Instagram accounts under their control, as well as all computers, phones, or other electronic devices under Defendants' possession, custody or control;

(C) Award KELLY actual damages and profits of Defendants pursuant to 17 U.S.C. § 504(a) and (b), or, in the alternative, statutory damages pursuant to 17 U.S.C. § 504(c), for infringement and KELLY's copyright and moral rights.

(D) Award KELLY attorney's fees and costs for violation of KELLY's rights of attribution and integrity under VARA, 17 U.S.C. § 106A;

(E) Award VASILEVA, LANGAARD and SOL CAROU actual damages, disgorgement of profits, enhanced damages and attorney's fees and costs, under 15 U.S.C. § 1117;

(F) Award VASILEVA, LANGAARD and SOL CAROU the greater of statutory or actual damages suffered as a result of Defendants' unauthorized use, plus any profits from the unauthorized use realized by Defendants, in an amount to be proven at trial, under Section 3344 of the California Civil Code;

(G) Award VASILEVA, LANGAARD and SOL CAROU their damages sustained as a result of Defendants' appropriation of the Models' likenesses in an amount to be proven at trial;

(H) Grant Plaintiff any other and further relief this Court deems just and proper.

DATED this 26th day of October, 2026.

**Law Offices of Lincoln Bandlow, PC**

*s/ Lincoln D. Bandlow*
Lincoln D. Bandlow
Attorney for Plaintiffs Tony Kelly, Iana Vasileva, Christian Alexander Langaard and Maria Sol Carou, on behalf of the Estate of Tomas Moreno Becerra

## DEMAND FOR A JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED this 26th day of October, 2026.

**Law Offices of Lincoln Bandlow, PC**

*s/ Lincoln D. Bandlow*
Lincoln D. Bandlow
Attorney for Plaintiffs Tony Kelly, Iana Vasileva, Christian Alexander Langaard and Maria Sol Carou, on behalf of the Estate of Tomas Moreno Becerra